**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3733-18T2

MADHUBALA AGARWAL,

    Plaintiff-Appellant,

v.

MARVIN SIMMS, TYNAJA M.
GRAVES, and SHYQUAN Z.
DIXON,

    Defendants-Respondents.

_____

Argued telephonically May 28, 2020 –
Decided June 25, 2020

Before Judges Koblitz, Whipple and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. LT-007386-18.

Anthony F. Gralewski argued the cause for appellant.

Brian Rans argued the cause for respondents (Northeast New Jersey Legal Services, attorneys; Brian Rans, of counsel and on the brief).

PER CURIAM

This appeal began as a dispute over the non-payment of rent between the landlord, plaintiff Madhubala Agarwal, and her tenants, defendants Marvin Simms, Tynaja M. Graves, and Shyquan Z. Dixon. Plaintiff appeals from a March 21, 2019 decision, staying the execution of a warrant of removal until plaintiff surrenders a payment of six times the monthly rent to the defendants for relocation assistance. Because the complaint was improperly filed, we dismiss the complaint without prejudice.

In February 2018, plaintiff leased the basement apartment of a residence she owned in Jersey City to defendants for $1501 per month. On July 2, 2018, plaintiff filed a landlord-tenant summons and verified complaint against defendants seeking possession because of the non-payment of $3500.89. The matter then continued to a Marini[1] proceeding where defendants agreed rent was due and owing. On July 24 and August 9, 2018, the court ordered defendants to deposit $2512 and $1500, respectively, with the court.

The defendants failed to deposit all outstanding rent and the court entered a judgment of possession on September 10, 2018. Three days later, the court issued a warrant of removal with a lockout scheduled for September 27.

---

[1] Marini v. Ireland, 56 N.J. 130 (1970).

A-3733-18T2

Three days before the scheduled lockout date, the Jersey City Division of Zoning issued a notice of violation to plaintiff because there was a "[second] apartment created without prior zoning approval and a [certificate of occupancy]," at the residence. Two days later, defendants filed an order to show cause to vacate the judgment of possession and dismiss the landlord-tenant action or in the alternative allow the lockout to proceed after plaintiff provides relocation assistance.

On November 1, 2018, the parties appeared before the court for a hearing. Warren Curtis, a zoning inspector for the Division of Zoning, testified that after an inspection of the premises, he wrote a notice of violation that required plaintiff give notice to defendants to vacate in order for plaintiff to comply with the zoning ordinance. Ani Kuma Agarwal, plaintiff's husband and the residence's building manager, testified. He conceded that there were two units at the residence and explained that when the building was purchased, it was a two-unit building. Although Mr. Agarwal testified that he was told, when he went to obtain a certificate of occupancy, the residence was permitted to be "up to two families," he had no proof the residence was allowed to be two units.

The court found defendants' apartment was illegal, "relocation [was] appropriate," and ordered plaintiff to provide defendants with six times the

3

monthly rent, $9006, for relocation assistance pursuant to N.J.S.A. 2A:18-61.1(g)(3) and h. The court set a move-out date for January 2, 2019, and explained to the parties he may reconsider the move-out date if the relocation assistance is not paid.

In February 2019, defendants sent a letter to the court requesting a hearing and notifying the court that plaintiff never paid the relocation assistance. On March 21, 2019, the parties appeared in court and plaintiff verbally requested that the court reconsider its determination regarding relocation assistance. The court denied the request and extended the lockout period indefinitely until the relocation assistance is paid.

This appeal followed.

On appeal, plaintiff argues the court should have enforced the judgment of possession and relocation assistance is not due because defendants were evicted for failure to pay rent pursuant to N.J.S.A. 2A:18-61.1(a). Defendants contend that this court should affirm the trial court's decision, to stay the judgment of possession until plaintiff pays the rental assistance, because a landlord cannot evict a tenant from an illegal apartment for the non-payment of

4

rent and the court correctly held plaintiff must pay defendants relocation assistance pursuant to N.J.S.A. 2A:18-16.1(g)(3) and (h).[2]

Although we review a trial court's conclusions of law de novo, Manalapan Realty, L.P. v. Twp. Comm. Of Manalapan, 140 N.J. 366, 378 (1995), we are bound by the trial court's factual findings as long as they are supported by adequate, substantial and credible evidence in the record, Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484 (1974).

The Anti-Eviction Act (Act), N.J.S.A. 2A:18-61.1 to -61.12, was enacted "'to protect residential tenants against unfair and arbitrary evictions by limiting the bases for their removal.'" Magiles v. Estate of Guy, 193 N.J. 108, 121 (2007) (quoting 447 Associates v. Miranda, 115 N.J. 522, 528 (1989)). N.J.S.A. 2A:18-61.1(g) provides it is permissible to evict tenants to correct "an illegal occupancy because [the landlord] has been cited by local or State . . . zoning officers and it is unfeasible to correct such illegal occupancy without removing the tenant. . . ." Miah v. Ahmed, 179 N.J. 511, 518 (2004) (citation omitted) (alterations in original). "In granting landlords that authority, however, the Legislature imposed certain obligations on them to assist soon-to-be-evicted [tenant(s)] by

---

[2] Defendants also asserted plaintiff's appeal was untimely, however, counsel conceded that the appeal was timely during oral argument.

adding section h to the Act." Id. at 518 (citation omitted). N.J.S.A. 2A:18-61.1(h) provides, in pertinent part:

> (a) If a residential tenant is displaced because of an illegal occupancy in a residential rental premises . . . and the municipality in which the rental premises is located has not enacted an ordinance pursuant to [N.J.S.A. 2A:18-61.1(g)(3)], the displaced residential tenant shall be entitled to reimbursement for relocation expenses from the owner in an amount equal to six times the monthly rental paid by the displaced person.
>
> (b) Payment by the owner shall be due five days prior to the removal of the displaced tenant.

Under the Act, a landlord can also evict a tenant from a residential apartment if the tenant "fails to pay rent due and owing under the lease whether the same be oral or written." N.J.S.A. 2A:18-61.1(a). However, "the amount claimed to be due must be 'legally owing' at the time the complaint was filed." McQueen v. Brown, 342 N.J. Super. 120, 126 (App. Div. 2001) (quoting Chau v. Cardillo, 250 N.J. Super. 378, 384 (App. Div. 1991)).

In McQueen, 342 N.J. Super. at 130, we reversed the dismissal of a plaintiff's summary dispossess complaint for the nonpayment of rent even though the plaintiff did not obtain an occupancy permit for the apartment. There, we were asked to determine whether a "plaintiff's failure to obtain an occupancy permit, 'standing alone,' renders the lease illegal and unenforceable,

6

thereby precluding [the] plaintiff from summarily recovering the premises from the tenants for non-payment of rent." Id. at 125-26.

We concluded a landlord's failure to acquire an occupancy permit does not automatically void a lease; however, other equitable factors come to bear on the issue. Id. at 128. Those factors include whether the public policy of the underlying law would be contravened, if voiding the lease will actually further that policy, the burden or detriment on the parties if the lease is voided, and the benefit the party seeking to avoid the bargain has enjoyed. Ibid. Applying these factors, we determined:

> In promulgating the ordinance [requiring an occupancy permit], it is fairly evident that the [c]ity endeavored to assure that the rental housing stock would be safe and habitable before a tenant moved into a dwelling unit. . . . That policy is not advanced by a rule that would declare a lease void because the landlord did not obtain an occupancy permit at its inception, or even thereafter, where the tenants have been residing in the premises for almost five years, paying rent, and receiving the benefits of the occupancy, without demonstrating that the premises are uninhabitable. In other words, the policy of protecting tenants from dangerous living conditions is not promoted by declaring a lease invalid in the absence of demonstrated serious housing violations, either at the inception of the lease, or thereafter.
>
> [Id. at 128-29.]

We held "the lease should not have been declared unenforceable against the landlord with the effect that the tenants were permitted to occupy the apartment rent-free for those months where the landlord was without an occupancy permit." Id. at 129.

Subsequently, our Supreme Court in Miah, 179 N.J. at 529, determined N.J.S.A. 2A:18-61.1(h) requires a landlord to provide tenants evicted because of a zoning-ordinance violation for an illegal dwelling, with a fixed amount of relocation-assistance benefits equaling six-times the monthly rent. In Miah, a tenant rented an attic apartment for about seven years when the city determined that dwelling violated a local zoning ordinance. Id. at 515. After learning the apartment was illegal, the landlord sent a notice to the tenant indicating that the tenant had to vacate the premises by a certain date and may be entitled to relocation assistance. Ibid. The tenant, at some point, stopped paying rent and continued to reside in the apartment beyond the specified date. Id. at 516.

While determining how much relocation assistance the tenant was entitled to, the Court highlighted the remedial objectives behind N.J.S.A. 2A:18-61.1(h). Id. at 524. The Court noted, among other things, "[i]llegal apartments, which often take the form of impermissible attic, basement, and garage units, pose significant fire, health, and safety risks that extend well beyond the premises,"

8

id. at 524, and "[b]y equipping those residents with funds to relocate, section h is designed to protect evicted tenants from the hardships of displacement while facilitating municipal efforts to weed out illegal apartments," id. at 525. The Court found these remedial policies supported its determination that landlords, in such circumstances of proven illegality, are required to pay relocation assistance equal to six times the monthly rent. Id. at 522-26.

The Court acknowledged the reality that displaced tenants may owe their landlords past-due rent but nonetheless held that a landlord cannot reduce the relocation-assistance obligation by the amount of past-due rent or other damages owed by the tenant. Id. at 526-28. The Court explained that the landlord is not without a remedy, however, as he or she can advance their claim against the tenant in an independent plenary action. Id. at 527-28.

Here, plaintiff cannot evict defendants from an illegal apartment for nonpayment of rent because the rent is not "legally owing." Because the matter was filed as a non-payment of rent case under N.J.S.A. 2A:18-61.1(a), we dismiss the complaint without prejudice.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9